## REUBEN J. CREWES and HENRY MOFFIT, Executors of CHARLES PHILLIPS, dec'd. vs. AMBROSE DAVIE and ANN DAVIE.

*Demurrer.    Bill of Quia timet and Injunction, in Harris Superior Court, March Term,* 1842.

1. An order to arrest property upon a threat of its removal from the State, until the defendants give bond, is illegal. Such a procedure is not warranted by precedent or Law.

This bill states that *Charles Phillips,* late of Harris county, departed this life in the year eighteen hundred and thirty-six, leaving a will, of which the complainants were appointed the executors—that by his will, he gave to his wife, *Ann Phillips,* now *Ann Davie,* one of the defendants, a portion of his property, real and personal, during her life, with a provision that if she married after his death, it should be separated from other portions of his estate, with which it was otherwise to remain, and be enjoyed in common by her and other legatees, and be delivered to her, subject to be sold after her death, and the money arising therefrom to be equally divided among the various children of the testator. The bill further states, that in the year eighteen hundred and forty, the said *Ann Phillips* intermarried with *Ambrose Davie,* the other defendant, and the property above alluded to was received by the defendants into possession, in conformity with the provisions of the will, and still remains in their possession— that the defendants are now threatening and preparing to remove beyond the jurisdiction of the Courts of this State, to wit : into the State of Kentucky, and to carry with them all that portion of said property which is moveable and personal in its nature, consisting, among other things, of various valuable negro slaves—and that the complainants have duly qualified and taken upon themselves the execution of said will, and are apprehensive that unless the interference of the Court of Chancery be had to prevent the removal of said property from the State, that the complainants will be unable to execute that portion of the will which provides for the division of the property in question among the children of the testator, on the death of the defendant, *Ann Davie.*

[Crewes & Moffit, Ex'ors. vs. Davie & Davie.]

The bill prays, among other remedies, for an order to the Sheriff of the county, requiring him to arrest the property in dispute, and take, of the defendants, bond and security to have the said property forthcoming upon the death of the said *Ann Davie,* to answer the claim of the executors and the children of the testator in the premises. The Chancellor granted an order at Chambers, in conformity with the prayer of the bill, before time to answer was allowed, and the Sheriff has executed the same in compliance with the exigency thereof.

To the bill of complaint a general demurrer is filed, and upon that demurrer, has been predicated, in argument, a motion to rescind the order which has been granted, in the event the bill should be retained for other purposes.

It should be remarked, that the statute of this State, " to authorize the issuing of writs of *ne exeat,* at the instance of persons claiming personal property in remainder and reversion, and to preserve the rights of such persons," reported in *Prince's* Dig. 467, and which has been referred to, in argument, as furnishing, possibly, a remedy suitable to the case made by the bill, is not relied on by the complainants' counsel. It is admitted by them, that the provisions of the Act which prescribe terms to those who seek the benefit of it, have not been complied with. They place the prayer of the bill, upon the general principles and practice of the Courts of Chancery, apart from statutory regulations.

No precedent for this order has been read from the books, and after a very careful and extensive examination of them, I have been able to find none for it myself. It is true, that an order for the arrest of property and the change of the possession of it, was passed by Judge WATTIES, in an action of trover brought by *Robertson* v. *Bingley* and *Leslie,* upon the *ex parte* statement, in Chancery, of the plaintiff, to the effect that the defendants were about removing the property, but the proceeding was discountenanced by the Court of Appeals, to whose judgment it was ultimately referred.—1 *McCord's* Ch. Rep. 333. The principle involved in the case of *Robertson* vs. *Bingley* and *Leslie,* is somewhat analogous to the one presented in the case at bar. The attempt to uphold this proceeding is based upon

[Crewes & Moffit, Ex'ors. vs. Davie & Davie.]

the supposed *necessity* of the case. Necessity alone, supposing it to exist, cannot justify it. It is the office of Courts of Justice to apply existing remedies—not to invent new ones. Cases are cited at bar in which, as it is represented, similar orders have been issued and sustained by the Chancellors of this State. If so, I must dissent from the doctrine on which they go. The working of these processes may become very embarrassing to the Chancellor, in events very likely to happen where they adventured upon. Suppose the defendant, in such a case, is unable or unwilling to give the required bond—What disposition is to be made of the property that has been seized? Shall it be turned over into the hands of the complainant, at hazard, or upon the execution of forthcoming bonds by him? Suppose that the complainant, in turn, is unable or indisposed, to give the necessary security, is the property, at the end of a course of unsuccessful experiments to improve the security of it, to be delivered back to him from whom it was arrested at the outset ?—or shall it, for the want of another taker, remain in the hands of the executing officer until consumed perhaps in costs, embarrassing to all parties, and benefitting no one ? Judge WATTIES, in view of these contingencies, in the case quoted, incorporated an alternative provision in the order issued by him, for the *sale* of the property. A disposition of the subject matter of the suit so obviously at variance with the right of property and all precedent, scarcely requires a serious refutation. Should such a remedy, then, as the one applied for, be deemed proper to be introduced into the administration of the Law, the cases suitable for the exercise of it should be specified, and the mode in which effect is to be given to it, defined by legal enactments.

Let the motion to set aside the order which has been executed upon the defendants be granted, and on complainants' motion, the bill is dismissed.

MARSHALL J. WELLBORN, J. S. C. C. C.